UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SCRAMOGE, LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD.; and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Case No. 6:21-cv-00454 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**
<u>**AGAINST SAMSUNG ELECTRONICS CO., LTD AND SAMSUNG ELECTRONICS AMERICA, INC.**</u>

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Scramoge, Ltd. ("Plaintiff" or "Scramoge") makes the following allegations against Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Defendants" or "Samsung"):

**INTRODUCTION**

1. This complaint arises from Samsung's unlawful infringement of the following United States patents owned by Plaintiff, which relate to improvements in wireless charging of mobile devices: United States Patent Nos. 9,553,476 (the "'476 Patent"), 9,825,482 (the "'482 Patent"), and 9,997,962 (the "'962 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Scramoge, Ltd. is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building, Suite 23, The Park,

Carrickmines, Dublin 18, Ireland. Scramoge is the sole owner by assignment of all right, title, and interest in the Asserted Patents.

3. On information and belief, Defendant Samsung Electronics Co., Ltd. is a corporation organized under the laws of South Korea, with its principal place of business at 129 Samsung-Ro, Maetan-3dong, Yeongtong-gu, Suwon-si, Gyeonggi-do, 443-742, South Korea.

4. On information and belief, Defendant Samsung Electronics America, Inc., a wholly owned subsidiary of Samsung Electronics Co., Ltd., is a corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Rd., Ridgefield Park, New Jersey 07660.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Samsung in this action because Samsung has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Samsung would not offend traditional notions of fair play and substantial justice. Samsung, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant Samsung Electronics America, Inc. is registered to do business in Texas. Additionally, upon information and belief, Defendants have transacted business in this District and have committed

acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Defendants have regular and established places of businesses in this District, including at 12100 Samsung Boulevard, Austin, Texas 78754; 7300 Ranch Road 2222, Austin, Texas 78730; and 1700 Scenic Loop, Round Rock, Texas 78681. *See* Exhibits 1-3. Additionally, venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Defendant Samsung Electronics Co., Ltd. is a foreign corporation organized under the laws of Korea, with a principal place of business in Korea.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,553,476

8. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

9. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,553,476, entitled "Antenna assembly and method for manufacturing same." The '476 Patent was duly and legally issued by the United States Patent and Trademark Office on January 24, 2017. A true and correct copy of the '476 Patent is attached as Exhibit 4.

10. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation the Samsung Galaxy sub-models S6 Edge, S7, S7 Edge, S8, Note 8, S9, Note 9, S9+, S10e, S10, S10+, S10 5G, Note 10, Note 10+, Note 10+ 5G, S20, S20 5G, S20+, S20+ 5G, S20 Ultra LTE/5G, Note 20, Note 20 5G, Note 20 Ultra 5G, S21, S21+, S21 Ultra, Fold, and Z Fold2 5G ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '476 Patent.

Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

11. The Accused Products satisfy all claim limitations of one or more claims of the '476 Patent. A claim chart comparing exemplary independent claim 1 of the '476 Patent to representative Accused Products is attached as Exhibit 5.

12. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271.

13. As a result of Samsung's infringement of the '476 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

14. Samsung's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '476 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,825,482

15. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

16. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,825,482, entitled "Electromagnetic booster for wireless charging and method of manufacturing the same." The '482

Patent was duly and legally issued by the United States Patent and Trademark Office on November 21, 2017. A true and correct copy of the '482 Patent is attached as Exhibit 6.

17. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation Samsung Galaxy sub-models S8, Note 8, S9, Note 9, S9+, S10e, S10, S10+, S10 5G, Note 10, Note 10+, Note 10+ 5G, S20, S20 5G, S20+, S20+ 5G, S20 Ultra LTE/5G, Note 20, Note 20 5G, Note 20 Ultra 5G, S21, S21+, S21 Ultra, Fold, and Z Fold2 5G ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '482 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

18. The Accused Products satisfy all claim limitations of one or more claims of the '482 Patent. A claim chart comparing exemplary independent claim 16 of the '482 Patent to representative Accused Products is attached as Exhibit 7.

19. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '482 Patent pursuant to 35 U.S.C. § 271.

20. As a result of Samsung's infringement of the '482 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

21. Samsung's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '482 Patent,

and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,997,962

22. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

23. Plaintiff owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,997,962, entitled "Receiving antenna and wireless power receiving device including the same." The '962 Patent was duly and legally issued by the United States Patent and Trademark Office on June 12, 2018. A true and correct copy of the '962 Patent is attached as Exhibit 8.

24. On information and belief, Samsung makes, uses, offers for sale, sells, and/or imports certain products, including without limitation the Samsung Galaxy sub-models S6 Edge, S7, S7 Edge, S8, Note 8, S9, Note 9, S9+, S10e, S10, S10+, S10 5G, Note 10, Note 10+, Note 10+ 5G, S20, S20 5G, S20+, S20+ 5G, S20 Ultra LTE/5G, Note 20, Note 20 5G, Note 20 Ultra 5G, S21, S21+, S21 Ultra, Fold, and Z Fold2 5G ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '962 Patent. Identification of the accused products will be provided in Plaintiff's infringement contentions pursuant to the Court's scheduling order.

25. The Accused Products satisfy all claim limitations of one or more claims of the '962 Patent. A claim chart comparing exemplary independent claim 1 of the '962 Patent to representative Accused Products is attached as Exhibit 9.

26. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Samsung has injured Plaintiff and is liable for infringement of the '962 Patent pursuant to 35 U.S.C. § 271.

27. As a result of Samsung's infringement of the '962 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty for the use made of the invention by Samsung, together with interest and costs as fixed by the Court.

28. Samsung's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '962 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Samsung has infringed, either literally and/or under the doctrine of equivalents, the '476, '482, and '962 Patents;

b. A permanent injunction prohibiting Samsung from further acts of infringement of the '476, '482, and '962 Patents;

c. A judgment and order requiring Samsung to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Samsung's infringement of the '476, '482, and '962 Patents;

d. A judgment and order requiring Samsung to pay Plaintiff compulsory ongoing licensing fees, as determined by the Court in equity.

e. A judgment and order requiring Samsung to provide an accounting and to pay

supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest and compensation for infringing products released after the filing of this case that are not colorably different from the accused products;

      f.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Samsung; and

      g.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 30, 2021

Respectfully submitted,

*/s/ Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
bledahl@raklaw.com
James A. Milkey (CA SBN 281213)
jmilkey@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
Brett E. Cooper (NY SBN BC6256)
bcooper@raklaw.com
Drew B. Hollander (NY SBN DH8096)
dhollander@raklaw.com
Seth Hasenour (TX SBN 24059910)
shasenour@raklaw.com
RUSS AUGUST & KABAT

12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Scramoge, Ltd.***