IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SCRAMOGE TECHNOLOGY LTD., §<br>*Plaintiff,* § <br> § <br> v. § <br> § <br> SAMSUNG ELECTRONICS CO. § <br> LTD and SAMSUNG ELECTRONICS § <br> AMERICA, INC., § <br> *Defendants.* | Civil No. 6:21-cv-00454-ADA <br><br> PUBLIC VERSION |

### SEALED MEMORANDUM OPINION AND ORDER

This opinion memorializes the Court's decision on Samsung Electronics Co., Ltd. Inc.'s ("SEC") and Samsung Electronics America, Inc.'s ("SEA") (collectively, "Samsung or "Defendants") Motion to Transfer Venue from the Western District of Texas ("WDTX") to the Northern District of California ("NDCA") under 28 U.S.C. § 1404(a). Dkt. No. 39. After careful consideration of the relevant facts, applicable law, and the parties' briefs (Dkt. Nos. 39, 71, 79), the Court **DENIES** Defendants' Motion to Transfer.

### I.  BACKGROUND

Plaintiff Scramoge Technology Ltd. ("Scramoge" or "Plaintiff") filed this lawsuit accusing Defendants of patent infringement. Dkt. No. 1. Scramoge alleges infringement of U.S. Patent Nos. 9,553,476 ("the '476 Patent"); 9,825,482 ("the '482 Patent"); 9,997,962 ("the '962 Patent"); 9,843,215 ("the '215 Patent"); 10,367,370 ("the '370 Patent"); and 10,424,941 ("the '941 Patent") (collectively, "Asserted Patents"). Dkt. No. 18 ¶ 1. Broadly speaking, these patents cover aspects of wireless charging technology including the arrangement of antennas, coils, and magnetic sheets therein. The accused products include Samsung Galaxy models, Samsung Note models, Samsung

Fold models, and Samsung Watch models. *Id.* ¶¶ 10, 17, 24, 31, 38, 45. Scramoge later dropped the '941 Patent from this case.

Scramoge is an Irish corporation with its principal place of business in Ireland. *Id.* ¶ 3.

SEC is a South Korean corporation with a principal place of business in South Korea. Dkt. No. 39 at 2. ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████

SEA is a New York corporation and a wholly owned subsidiary of SEA. *Id.* SEA has its principal place of business in New Jersey. *Id.* ████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

## II.   LEGAL STANDRD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under Section 1404(a) is whether a civil action might have been brought in the transfer destination venue. *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Volkswagen I*, 371 F.3d at 203.

The burden to prove that a case should be transferred for convenience falls on the moving party. *Volkswagen II*, 545 F.3d at 314. The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 315. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* at 314-315. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere

preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### III.   ANALYSIS

#### A.   Plaintiff could have brought this case in the Northern District of California

In the § 1404(a) analysis, Courts make a threshold determination of whether this case could have been brought in the destination venue. Defendants assert that this case could have been brought in the NDCA because SEA has its offices there and because SEC is a foreign corporation that can be sued in any venue. Plaintiff does not contest this point. This Court finds that venue would have been proper in the NDCA. Thus, the Court proceeds with its analysis of the private and public interest factors to determine if the NDCA is clearly more convenient than the WDTX.

**1.   The private interest factors weigh against transfer.**

**a.   The relative ease of access to sources of proof is neutral.**

"[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020). "In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). A Court should also consider "the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval." *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

██████████████████████████████████████████████████████████

███████████████████████████████ Sending physical evidence from the opposite side of the world to both NDCA and WDTX requires international shipping. Neither party identifies any custodians in SEA's NDCA or EDTX offices who can more easily access to Samsung's electronic documents. ████████████████████████████████████████████

████████████████████████████████████████████████████████████

There is no evidence in SEA's NDCA or EDTX offices to sway this factor.

Samsung argues that LG Innotek USA, Inc. likely has evidence about the Asserted Patents because LG Innotek USA, Inc. is a subsidiary of LG Innotek Co., Ltd., and LG Innotek Co., Ltd. previously owned the Asserted Patents. However, the original assignee LG Innotek Co. Ltd. is in South Korea and likely keeps its evidence there. Samsung does not offer any reason why the Korean inventors at a South Korean company would keep their records in the NDCA. Moreover, Samsung's declarant does not indicate that Samsung obtains the accused parts from LG Innotek USA, Inc. in the NDCA. ██████████████████████████████████████

█████████ In fact, the parties served discovery requests on LG Innotek Co. Ltd. because the evidence is likely in South Korea. Dkt. No. 64.

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████████████████████ █████████████████████████████████
████████ █████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████

In conclusion, the relevant evidence is overseas in ███████████ and not in either contested venue, so this factor is neutral. Evidence on the other side of the world will be equally inconvenient to access from either venue.

### b. The availability of compulsory process to secure the attendance of witnesses is neutral.

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order. *Fintiv*, No. 6:18-cv-00372, 2019 WL 4743678 at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014).

Under this factor, Samsung argues that LG Innotek USA, Inc., ██████, and prior art witnesses fall within the subpoena power of the NDCA. For the reasons discussed in the analysis of the previous factor, no witnesses of LG Innotek USA, Inc. and ████████████ will have relevant information to this case. Samsung intends to rely on Tabuchi Electronic Company of

America for prior art because Tabuchi made an early wireless charging pacemaker. The evidence shows that Tabuchi is located in West Virginia, not in California. Dkt. No. 71-7. Samsung also intends to rely on Mojo Mobility, Inc. for prior art against the '941 Patent. This prior art is no longer relevant because Scramoge dropped the '941 Patent from this case.

Samsung identifies several prior art inventors for the first in its reply brief. *Compare* Dkt. No. 39 at 7-8, *with* Dkt. No. 79 at 4. The Court disregards these individuals improperly identified for the first time on reply because this tactic deprives Scramoge a fair chance to respond. In its opposition brief, Scramoge repeatedly presented convincing counterarguments and evidence when given the opportunity to respond.

Scramoge does not affirmatively argue that it needs to compel any witnesses near the WDTX. In conclusion, the ability to compel witnesses is neutral.

### c. The cost of attendance and convenience for willing witnesses weighs against transfer.

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d at 1342. When analyzing this factor, the Court should consider all potential materials and relevant witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 U.S. Dist. LEXIS 152438, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

This factor appropriately considers the cost of attendance of all willing witnesses including both party and non-party witnesses. *In re Pandora*, No. 2021-172, 2021 WL 4772805, at *2-3 (Fed. Cir. Oct. 13, 2021). "Courts properly give more weight to the convenience of non-party witnesses than to party witnesses." *Netlist, Inc. v. SK Hynix Inc.*, No. 6:20-CV-00194-ADA, 2021 WL 2954095, at *6 (W.D. Tex. Feb. 2, 2021).

"When the distance between an existing venue for trial of a matter and a proposed venue under §1404(a) is more than 100 miles, the factor or inconvenience to witnesses increases in direct relationship to the additional distance to be travelled." *Volkswagen II*, 545 F.3d at 317 (quoting *Volkswagen I*, 371 F.3d at 203). The Federal Circuit has stated that courts should not apply this 100-mile rule "rigidly" in some cases where witnesses would be required to travel a significant distance no matter where they testify. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317).

"[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, slip op. at 9 (Fed. Cir. Sept. 27, 2021). The Federal Circuit has indicated that time away from an individual's home is a more important metric than distance. *Id.* In a recent case, the Federal Circuit found that a witness in Florida would not find it more convenient to travel to Texas than to California despite Texas being halfway between Florida and California because either way, the witness will need to spend a significant time away from home. *In re Apple Inc.*, No. 2022-128, 2022 WL 1196768, at *3 (Fed. Cir. Apr. 22, 2022).

      i. Irrelevant witnesses who do not affect the analysis

Samsung argues that witnesses in California who work at ███████ LG Innotek USA, Inc., and Mojo Mobility will find it more convenient to travel within California. For the reasons discussed above, none of these entities will have relevant knowledge, so they do not affect this analysis.

      ii.    Witnesses who must spend a significant amount of time away from home no matter where they testify do not affect the analysis

Samsung argues that prior art witnesses from Tabuchi will have relevant information to this case. The evidence shows that Tabuchi is located in West Virginia, not in California. Dkt. No. 71-7. Samsung argues that its witnesses in South Korea will take less time to travel to the NDCA than to the WDTX.

Scramoge has corporate witnesses in Virginia, Florida, and Ireland. Scramoge's witnesses will spend less time traveling to Texas than to California.

When applying the Federal Circuit's analysis, all of these witnesses must spend a significant amount of time away from home no matter which venue they travel to. *In re Google, LLC*, No. 2021-170, slip op. at 9; *In re Apple Inc.*, 2022 WL 1196768, at *3. As a result, these witnesses do not affect the Court's analysis. Even if they did, the increased convenience of the witnesses from the east coast or Ireland to Texas would cancel out the increased convenience of the witnesses from Asia to California.

      iii.    Witnesses who find the Western District of Texas more convenient

Scramoge identifies four witnesses who have relevant information and will find travel within Texas more convenient. ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████

Each of these witnesses can drive to the courthouse in the WDTX in about two hours or less, testify for several hours, and return home within a single day. They cannot do the same if trial is held in California because travelling to and from California will take an entire day without allowing any time to testify. They will find the WDTX more convenient, and their convenience causes this factor to weigh against transfer.

### d. All other practical problems that make trial of a case easy, expeditious, and inexpensive weighs against transfer.

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . pertaining to the same underlying technology and accusing similar services, . . . the Federal Circuit cannot say the trial court clearly abuses its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d at 1346 n.3. At the same time, "copending suits are not to be over-weighed if they are also subject to motions to transfer." *In re Google*, 2021 WL 5292267, at *3.

Here, to co-pending cases involve the same plaintiff and overlapping patents. *Scramoge Tech. Ltd. v. Google LLC*, No. 6:21-cv-00616, and *Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-cv-00579. Defendants in these cases also moved to transfer. The Court gives this factor reduced, non-dispositive weight against transfer.

2. **One Public Interest Factor Favors Transfer**

   a. **Administrative difficulties flowing from Court congestion weigh against transfer.**

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963); *Parkervision, Inc. v. Intel Corp.*, No. 6:20-CV-00108, 2021 WL 401989, at *6 (W.D. Tex. Jan. 26, 2021). The Court considers the "speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. Additionally, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

Samsung argues that the time to trial is comparable—25.9 moths for NDCA versus 25.3 months for WDTX. However, Samsung relies on out-of-date statistics in a decision from 2020, before the NDCA felt the full impact of halting trials due to COVID-19. More recent statistics show that the average time to trial in patent cases in the NDCA is now 45.2 months. *Billjco, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 607890, at *8 (W.D. Tex. Mar. 1, 2022). Samsung speculates that this Court's larger patent caseload will delay this Court's ability to hold trials. Despite this Court's larger patent caseload, this Court consistently reached trials faster than the NDCA, with an approximate time to trial of two years. *See, e.g., MV3 Partners v. Roku,* 6-18-CV-00308 (W.D. Tex., filed Oct. 16, 2018) (23.7 months from case filing to trial); *CloudofChange, LLC*, No. 6-19-CV-00513 (W.D. Tex., filed August 30, 2019) (20.3 months from case filing to trial); *VLSI Tech. LLC v. Intel Corp.*, No. 6-21-CV-00057 (W.D. Tex., filed Apr. 11, 2019) (22.4 months from case filing to trial); *Freshub, Inc. et al v. Amazon.Com Inc.*, No. 6-21-CV-00511

(W.D. Tex., filed Jun. 24, 2019) (23.7 months from case filing to trial); *ESW Holdings, Inc. v. Roku, Inc.*, No. 6-19-CV-00044 (W.D. Tex., filed Feb. 8, 2019) (25.9 months from case filing to trial); *Profectus v. Google*, 6-20-CV-00101 (W.D. Tex., filed Feb. 10, 2020) (19.6 months from case filing to trial); *Jiaxing Super Lighting v. CH Lighting Tech.*, 6-20-cv-00018 (W.D. Tex., filed Jan. 10, 2020) (21.7 months from case filing to trial); *VideoShare v. Google LLC*, 6-19-CV-663 (W.D. Tex., filed Nov. 15, 2019) (23.8 months from case filing to trial); *NCS Multistage v. Nine Energy*, No. 6-20-cv-277 (W.D. Tex., filed Mar. 24, 2020) (21.8 months from case filing to trial); *EcoFactor, Inc. v. Google LLC*, No. 6-20-cv-00075 (W.D. Tex., filed Jan. 31, 2020) (24 months from case filing to trial); *Densys Ltd. v. 3Shape Trio A/S*, 6-19-CV-00680 (W.D. Tex., filed Nov. 26, 2019) (28.3 months from case filing to trial); *Appliance Computing III, Inc. v. Redfin Corp.*, No. 6-20-cv-00376-ADA (W.D. Tex., filed May 11, 2020) (24 months from case filing to trial).

In conclusion, this factor disfavors transfer. The Court weighs this as a single factor that does not outweigh multiple other factors.

### b. The local interest in having localized interests decided at home is neutral.

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent case "are not a fiction." *In re Samsung Elecs. Co.*, Nos. 2021-139, 2021-140, 2021 U.S. App. LEXIS 19522, at *20 (Fed. Cir. June 30, 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). Accordingly, "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections

12

between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)) (emphasis in original). But courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence in the district. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1320 (Fed. Cir. 2021) (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *See Id*.

SEC has a presence in the WDTX and SEA has an office in the NDCA. Neither office has any particular interest in this case because ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬— the true "home" of the dispute. Scramoge lacks a local interest in either venue. For the reasons discussed above, LG Innotek USA, Inc. is not relevant, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬ and Tabuchi has a local interest West Virginia.

Overall, the Court finds that the local interest factor is neutral.

### c. Familiarity of the forum with the law that will govern the case is neutral.

The parties agree this factor is neutral.

### d. Avoidance of unnecessary problems of conflict of laws or in the application of foreign law is neutral.

The parties agree this factor is neutral.

## IV. Conclusion

In summary, this is a case where the bulk of the evidence and witnesses are in South Korea and China, not in either contested venue. More witnesses will find the WDTX more convenient,

13

and the case will reach trial sooner here in the WDTX. The other factors are neutral. As a result, Samsung has not met its burden to show that the NDCA is more convenient. Samsung's Motion to Transfer is **DENIED**.

SIGNED this 16th day of May, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE